UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2020 OCT 15 PM 2:09
CLERK
BY _____
DEPUTY CLERK

PRODEGE, LLC, a California limited liability )
company; and MYPOINTS.COM, LLC, a )
California limited liability company, )
    Plaintiffs, )
     )
     )
    v. ) DOCKET NO. 5:20-cv-164
     )
RANDY SOUTHWICK-DREW aka. Randy )
Drew, an individual; and DOES 1 through 10 )
    Defendants. )

## COMPLAINT WITH JURY DEMAND

**NOW COME** Plaintiffs Prodege, LLC and MyPoints.com, LLC ("Plaintiffs"), by and through Counsel, Pratt Vreeland Kennelly Martin & White, Ltd and hereby allege as follows in their complaint against Defendant Randy Southwick-Drew aka Randy Drew ("Defendant"):

### PARTIES

1. Plaintiff Prodege, LLC ("Prodege") is a California limited liability company with a principal place of business in the County of Los Angeles.

2. Plaintiff MyPoints.com, LLC ("MyPoints") is a California limited liability company with a principal place of business in the County of Los Angeles.

3. On information and belief, Defendant Randy Southwick-Drew aka Randy Drew is an individual residing within the state of Vermont.

4. Plaintiffs are informed and believe and thereon allege that the individuals and/or entities designated herein as DOES 1 through 10 are the agents and/or representatives of the named Defendant herein, and each of them, and in doing the acts complained of herein, acted in their capacities as agents, representatives and or co-conspirators of the named Defendant, thereby making them a part of this action. As soon as the specific names and capacities of the DOE Defendants are ascertained, this Complaint will be amended to reflect same.

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

Page **1** of **8**

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in this Court because Defendant is, and at all relevant times was, residing within the State of Vermont. Furthermore, there is completely diversity between plaintiffs and defendant and the amount in controversy exceeds $75,000.

## BACKGROUND FACTS

6. Prodege owns and operates the website www.swagbucks.com and MyPoints owns and operates the website www.mypoints.com. Both of these websites allow users to earn points by interacting with the websites, including watching videos, conducting searches and answering surveys hosted and displayed on those websites. When users generate enough points, they are able to redeem them for gift cards to retailers like Amazon or Walmart or get cash back from PayPal.

7. All users of Plaintiffs' www.swagbucks.com and www.mypoints.com websites are required to agree to specific Terms of Use ("ToU"), a copy of which is attached hereto as **Exhibit "1"**. Users are required to click an online button to agree to the foregoing ToU in order to register and become a member of each of the foregoing websites, and it is impossible to become a member without agreeing to the ToU.

8. Section 2 of the ToU states that any user "shall use the Prodege Sites and Features…only as permitted by these Terms…and not for any unlawful purpose."

9. Section 7 of the ToU, entitled "User Conduct" makes explicitly clear that it is not permitted for any user to (1) "develop, distribute, make use of, or publicly inform others of "auto" software programs, "macro" software programs, web crawlers or other script or "cheat utility" software programs or applications"; (2) "abuse any of our Services in a manner that does not reflect normal or appropriate human usage, such as conducting excessive searches or other Activities in our Rewards Programs for the sole or primary purpose of receiving points"; (3) exploit, distribute or publicly inform other members of any error, miscue or bug ("Error") that gives an unintended advantage, violate any applicable laws or regulations, or promote or encourage any illegal or unauthorized activity including, but not limited to, hacking, cracking or distribution of counterfeit

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

software, or cheats or hacks for our Services."

10. On information and belief, Defendant owns and operates the website www.rogue-labs.net/forums. On that website, Defendant hosts "bot" software that visitors to the website can purchase for download. These bots, including SuperSwag for use on the www.swagbucks.com website, are effectively "hacks" that allow users of Plaintiffs' websites to improperly generate points on an automated basis. Instead of users actually engaging in the proper activities on the website (watching videos, taking surveys, conducting searches) to earn the rewards, the bot makes it appear as if the users are performing these activities, even though they actually aren't, at a pace that is humanly impossible. Thus, users of the bot cheat the system and violate the ToU and in the process, accumulate large amounts of points that they redeem for gift cards or money.

11. On information and belief, Defendant has created and/or programmed at least some of these bots to be custom specific for use on Plaintiffs' websites, including SuperSwag. On further information and belief, the sole purpose of these bots is for use in conjunction with Plaintiffs' websites and the bots are exclusively marketed and sold to users of Plaintiff's websites. On information and belief, one of the email addresses used by Defendant to communicate with customers regarding the sale of the bots is RandySwagbucks@gmail.com, which clearly demonstrates Defendant has targeted Plaintiffs' www.swagbucks.com website. Furthermore, Defendants' www.rogue-labs.net/forums website includes material entitled "How many Swagbucks I made using SuperSwag" and "MYPoints Bot—Earn Hundreds of Points a day!".

12. The use of the bots marketed and sold by Defendant by any user of Plaintiffs' websites is a clear violation of Section 7 of the ToU, which prohibits any use of bots or automated software. Defendant even goes so far as to brag about the success users of his bots have in violating the ToU, as the www.rogue-labs.net/forums website identifies the "highscores" ranking of the top monthly earners on Plaintiffs' website using Defendants' prohibited bots.

13. On information and belief, Defendants also maintain the Facebook Page www.facebook.com/RogueLabsNet/. That Facebook page contains numerous posts claiming that

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

the bots sold by RogueLabs will work on the Swagbucks website. That Facebook page also states that Defendants offer proxies for sale to international users so they can improperly exploit Plaintiffs as well.

14. The use of Defendants' bots on Plaintiffs' websites have caused Plaintiffs significant damages. As an initial matter, the purpose of the bots is to allow user to illegally exploit certain aspects of the websites to improperly and excessively accumulate points that they ordinarily, humanly, would not be able to, which the users then redeem for actual monetary value in the form of gift cards and/or Paypal cash. Even more problematic, a significant portion of Plaintiffs' revenue is generated by payments from advertisers and other companies whose videos and surveys Plaintiffs' users are intended to watch or otherwise interact with. Plaintiffs' sponsors and business partners have become aware of the use of Defendant's bots by Plaintiffs' users and are justifiably upset, as they are not getting the actual human interaction with the content on Plaintiffs' sites they were expecting or as generated by Plaintiffs' data reports. This has caused significant reputational damage to Plaintiffs and may further lead to cancelled or renegotiated contracts with Plaintiffs' sponsors and business partners, resulting in millions of damages to Plaintiffs.

## FIRST CAUSE OF ACTION

### (Intentional Interference With Contract)

15. Plaintiffs incorporate Paragraphs 1-14 as though set forth in their entirety herein.

16. Plaintiffs require each of their users to enter into the ToU before being able to access the content on Plaintiffs' website or earn points that are then redeemable for gift cards or money. The ToU thus creates a legally enforceable contract between Plaintiffs and each of their users.

17. On information and belief, Defendant is, and at all relevant times was, aware of the ToU and that all users of Plaintiffs' websites must agree to the ToU. Furthermore, on June 24, 2020, Defendant was explicitly informed by Plaintiff that the use of his bots violated the terms of

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

Page 4 of 8

use for Plaintiffs' websites.

18. On information and belief, Defendant has knowingly targeted Plaintiffs' websites in creating the SuperSwag bot and the bot aimed at www.MyPoints.com. Furthermore, the use of these bots necessarily is a violation of Section 7 of the ToU, which prohibits the use of bots and the like. Despite this fact, Defendant continues to market and sell the bots to Plaintiffs' users and encourages and actively assists them in breaching the ToU and improperly using the bots to exploit Plaintiffs' websites to Plaintiffs' detriment. Defendant is thus tortiously interfering with the contractual ToU between Plaintiffs and their users.

19. As a result of Defendant's tortious interference with numerous users' agreement to abide the ToU, Plaintiffs have been damaged in an amount to be proven at trial but well in excess of the jurisdictional limit of this Court.

20. Defendant's conduct as alleged herein was made with intentional malice, fraud and willful disregard for Plaintiffs' welfare and rights. Consequently, Plaintiffs should be awarded punitive damages against Defendant to deter him in the future from engaging in such conduct again.

## SECOND CAUSE OF ACTION

### (Violation of Vermont Consumer Protection Act)

21. Plaintiffs incorporate Paragraphs 1-20 as though set forth in their entirety herein.

22. The VCPA prohibits unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce.

23. Plaintiffs are consumers as defined in the Act in that their business model effectively involves purchasing user interaction and feedback in exchange for gift cards or money.

24. Defendant is a seller as defined in the Act by virtue of selling bots that allow third parties to defraud and otherwise falsify the users inactions with the content on Plaintiffs' websites while simultaneously receiving full monetary value as if they had engaged with the website content as an ordinary user would.

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

25. By virtue of Defendant's sale of the bots, and the use thereof by Defendants' customers who use the bots, Defendant has engaged in unfair and deceptive business practices, entitling Plaintiffs to both compensatory and exemplary damages.

### THIRD CAUSE OF ACTION

#### (Trespass)

26. Plaintiffs incorporate Paragraphs 1-25 as though set forth in their entirety herein.

27. Plaintiffs' ToU clearly set forth that no bots are permitted to run on Plaintiffs' websites.

28. Defendant knows of the ToU prohibitions but still creates, sells and himself actively uses the bots in violation of the ToU, and in doing so, caused a trespass without permission on to Plaintiffs' websites and servers.

29. The unlawful trespass caused significant harm to Plaintiffs by falsifying the website's reports of user engagement and feedback, as well as creating risks of congestion and overload that could further disrupt Plaintiffs' operations.

30. As a result of the trespass Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

#### (Computer Fraud and Abuse Act)

31. Plaintiffs incorporate Paragraphs 1-30 as though set forth in their entirety herein.

32. As detailed above, Defendant, through the use and sale of his bots, has caused himself and his customers to improperly access Plaintiffs' computers.

33. Plaintiffs' ToU clearly establishes that bots are not permitted for use on Plaintiffs' websites and thus Defendant's use and sale of the bots exceeds the access to which Defendant and his customers were authorized.

34. Defendant's use and sale of the bots was always intended to defraud Plaintiffs into believing that customers were actually engaging with and reviewing the content on the website in

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

Page 6 of 8

exchange for gift cards or money.

35. As a result of Defendant's fraud, Plaintiffs have paid substantial sums of money, both directly and on gift cards, to customers who used the bots and thus did not actually provide the interaction or services they had agreed to provide and represented they had provided, which has not only caused Plaintiffs damages from the money expended but also harmed Plaintiffs' reputation and business dealings with its sponsors and business partners who create the content.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. For compensatory damages in an amount to be proven at trial.

2. For exemplary punitive damages in an amount to be proven at trial.

3. For restitution in an amount to be proven at trial.

4. For prejudgment interest at the legal rate for all amounts owed.

5. For costs of suit, including attorneys' fees to the extent allowed by law.

6. For injunctive relief prohibiting Defendant from marketing or selling the bots or any other software or product that allows user to violate Plaintiffs' Terms of Use.

7. For such other legal or equitable relief as this Court deems just and proper.

**DATED** at Rutland, Vermont this 15th of October, 2020.

*Pratt Vreeland Kennelly Martin & White, Ltd.,*

Counsel for Plaintiffs,

by: _____
Matthew D. Anderson, Esq.

64 North Main Street
Rutland, VT 05702-0890
(802) 775-7141
mda@vermontcounsel.com

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280